MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, State Bar No. 167223
Joel M. Purles, State Bar No. 266208
P. Bartholomew Quintans, State Bar No. 308085
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700
barbara.miller@morganlewis.com
joel.purles@morganlewis.com
bart.quintans@morganlewis.com

Attorneys for Defendants
AMAZON FULFILLMENT SERVICES, INC.,
and GOLDEN STATE FC LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY HAGMAN, and ALBERTO GIANINI, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON FULFILLMENT SERVICES, INC., a Delaware Corporation, GOLDEN STATE FC, LLC, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS AMAZON FULFILLMENT SERVICES, INC. AND GOLDEN STATE FC, LLC'S NOTICE OF REMOVAL**<br><br>Action Filed:   December 4, 2017<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32533282.3

DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Amazon Fulfillment Services, Inc.[1] ("Amazon") and Golden State FC, LLC ("Golden State") (collectively, "Defendants"), by and through counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Bernardino, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the following grounds.

## I. PROCEDURAL BACKGROUND

On December 4, 2017, Plaintiffs Brittany Hagman and Alberto Gianini filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Bernardino, entitled *BRITTANY HAGMAN, and ALBERTO GIANINI, individually, and on behalf of other members of general public similarly situated vs. AMAZON FULFILLMENT SERVICES, INC., a Delaware Corporation, GOLDEN STATE FC LLC, a Delaware Corporation, and DOES 1 through 100, inclusive*, Case No. CIVDS 1723776.

On December 5, 2017, Plaintiffs served copies of the Complaint, Summons, and Civil Case Cover Sheet on the registered agent for Defendant. Copies of these documents are attached hereto as **Exhibit A**. On January 4, 2018, Defendants filed an answer to the Complaint in San Bernardino County Superior Court. A copy of this document is attached hereto as **Exhibit B**. Exhibits A and B constitute all of the pleadings, process, and orders served upon, or by, Defendants in the Superior Court action.

In their Complaint, Plaintiffs seek to represent the following class: "All non-exempt or hourly paid employees who have been employed by DEFENDANTS in

---

[1] Effective January 1, 2018, Amazon Fulfillment Services, Inc. changed its name to Amazon.com Services, Inc. Declaration of Zane Brown, ¶ 6. This Defendant is referred to simply as "Amazon" herein.

the State of California in fulfillment centers, within four years prior to the filing of this complaint until resolution of this lawsuit." Compl. ¶ 18. Plaintiffs allege that Defendants were joint employers of the Plaintiffs and the other putative class members. *Id.* ¶¶ 9-10. Plaintiffs further allege that Defendants "did not compensate [them and the other putative class members] for the time spent in security lines at AMAZON's fulfillment warehouses"; "required [them and the other putative class members] to clock out prior to leaving on a lunch break, subjecting them to waiting time in security lines, without pay and subtracting from their meal break time"; and "failed to allow [Plaintiffs and the other putative class members] to take full rest breaks due to the large size of the fulfillment centers, leaving them unable to leave their work area and enjoy a full 10 minute uninterrupted rest break." *Id.* ¶¶ 27-29.

Plaintiffs allege the following violations in eight causes of action against Defendants: (1) Violation of California Labor Code § 226.7 & § 512 (Failure to Provide Meal Breaks); (2) Violation of California Labor Code § 226.7 (Failure to Provide Rest Breaks); (3) Violation of California Labor Code § 223 (Failure to Pay Agreed Upon Wages); (4) Violation of California Labor Code § 510 (Failure to Pay Overtime Pay); (5) Violation of California Labor Code §§ 201-203 (Waiting Time Penalties); (6) Violation of California Labor Code § 226(a) (Improper Wage Statements); (7) Violation of California Labor Code §§ 246 & 247.5 (Failure to Maintain Accurate Sick Time Pay Records); (8) Violation of California Business & Professions Code § 17200, *et seq*.

## II. **REMOVAL IS TIMELY**

Plaintiffs served the registered agent for Defendants on December 5, 2017. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief

sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiffs bring this action as a putative class action. Compl. ¶ 1. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiffs' factual allegations and deny that Plaintiffs, or the class they purport to represent, are entitled to the relief requested; however, based on Plaintiffs' allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[2] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Has More Than 100 Members.

Plaintiffs assert claims on behalf of a putative class comprised of "All non-exempt or hourly paid employees who have been employed by DEFENDANTS in the State of California in fulfillment centers, within four years prior to the filing of this complaint until resolution of this lawsuit." Compl. ¶ 18. Based on Plaintiffs' definition, the putative class contains at least 40,000 non-exempt, hourly-paid employees who worked for Golden State at a California fulfilment center between

---

[2] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiffs' allegations constitute a cause of action against them under applicable California law.

December 4, 2016, and December 4, 2017.[3]  Declaration of Peter Nickerson ("Nickerson Decl.") ¶¶ 3-4.

### B. Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiffs admit that they are both residents of San Bernardino County in the State of California.  Compl. ¶¶ 5-6.  The Complaint does not allege any alternate state citizenship.  Therefore, Plaintiffs are citizens of California for diversity jurisdiction purposes.  Moreover, Plaintiffs bring claims on behalf of putative class members residing in California.  Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C.

---

[3] While Plaintiffs assert a four-year limitations period, for purposes of this Notice of Removal, Defendants conservatively utilize a one-year period prior to the filing of the Complaint.

§ 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Amazon is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington. Declaration of Zane Brown ¶ 7. Accordingly, Amazon is a citizen of Washington and Delaware for the purpose of determining diversity. 28 U.S.C. § 1332(c)(1).

Per 28 U.S.C. § 1332, an unincorporated association or corporation is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is incorporated or organized. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb 3, 2011) (same). Golden State is organized under the laws of Delaware, and has its principal place of business in Seattle, Washington. Declaration of Zane Brown ¶¶ 4–5. Accordingly, Golden State is a citizen of Washington for the purposes of determining diversity. 28 U.S.C. § 1332(c) & (d)(10).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5,000,000.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiffs do not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Defendants' burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs.,*

*Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

Defendants deny Plaintiffs' factual allegations and deny that they or the class they seek to represent are entitled to the relief for which they have prayed. Defendants properly complied with the Labor Code provisions at issue at all relevant times. Plaintiffs' allegations and prayer for relief, however, have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 32533282.3

7    DEFENDANTS' NOTICE OF REMOVAL

28 U.S.C. § 1332(d)(6).[4]

### 1. Plaintiffs' Fifth Cause of Action For Waiting Time Penalties Under Labor Code § 203 Puts At Least $8,460,000 In Controversy.

Plaintiffs allege that Defendants "willfully failed to pay PLAINTIFFS and the other class members who are no longer employed by DEFENDANTS their wages, earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANTS' employ." Compl. ¶ 81. Plaintiffs seek statutory penalties under California Labor Code § 203 for these alleged violations, amounting to their regular hourly rate of pay for each day they were not paid, up to a thirty-day maximum. *Id.* ¶ 84.

A claim for waiting time penalties has a three-year statute of limitations. *See Brewer v. General Nutrition Corp.*, 2015 WL 5072039, at *13 (citing *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1401-02 (2010)). Since December 4, 2014, the employment of at least 40,000 employees of Golden State in California who would fall into Plaintiffs' putative class description has ended. Nickerson Decl. ¶ 5. The *lowest* wage per hour of those employees at the time their employment with Golden State was terminated was approximately $11.75 per hour. *Id.* Plaintiffs allege that

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiffs' claims is without merit and that Defendants are not liable to Plaintiffs or any putative class member. Defendants expressly deny that Plaintiffs or any putative class member are entitled to recover any of the amounts or penalties sought in the Complaint. In addition, Defendants deny that liability or damages can be established either as to the Plaintiffs or on a classwide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Defendants systemically "did not compensate" them and the other putative class members for time in security lines before clocking out of a shift while working for Defendants. *See* Compl. ¶¶ 27-29. Thus, on the face of the Complaint, Plaintiffs' allegations would apply to every shift worked, because Plaintiffs allege that they were required to clock out for every break and end of a shift. *See id*. Plaintiffs also specifically allege that wages were willfully withheld and owing from Defendants for Plaintiffs and each and every other putative class member "who are no longer employed by Defendants," *see* Compl. ¶ 81, and thus all of those former employees would be owed waiting time penalties. However, even assuming that only 15% these employees were improperly denied wages for hours worked or overtime compensation, or were not provided meal breaks and owed wages as a result, and thus were improperly withheld wages upon termination,[5] and applying the minimum hourly wage earned of $11.75 per hour and a minimum daily shift of four hours, Plaintiffs' fifth cause of action for waiting time penalties still places at least $8,460,000 in controversy: (6,000 putative class members, which is 15% of the 40,000 employees potentially at issue, x 4 hours per work day x $11.75 per hour x 30 days = $8,460,000).

### 2. Plaintiffs' Other Causes of Action and Request for Attorneys' Fees Put Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

Plaintiffs' alleged amount in controversy just as to the Labor Code section 203 waiting-time penalty claim is at least $8,460,000. Defendants have demonstrated this amount by a preponderance of the evidence, as presented with this Notice of Removal. However, in addition to this amount, Plaintiffs' other causes of action place additional amounts in controversy, thus further exceeding the CAFA threshold. As enumerated above in Section I, Plaintiffs bring seven additional causes of action seeking classwide relief for various alleged Labor Code

---

[5] Defendants dispute Plaintiffs' allegations, but analyze the potential amount in controversy for purposes of removal only.

violations, including meal period violations pursuant to Labor Code sections 226.7(a) and 512(a) (First Cause of Action), rest period violations pursuant to Labor Code section 226.7(a) (Second Cause of Action), wage payment violations pursuant to Labor Code section 223 (Third Cause of Action), overtime payment violations pursuant to Labor Code section 510 (Fourth Cause of Action), wage statement violations pursuant to Labor Code section 226(a) (Sixth Cause of Action), failure to maintain accurate sick time pay records pursuant to Labor Code sections 246 and 247.5 (Seventh Cause of Action), and violations of California Business & Professions Code § 17200 (Eighth Cause of Action). Each of these causes of action places additional amounts in controversy beyond the fifth cause of action for waiting time penalties.

Plaintiffs also seek recovery of attorneys' fees. Compl., Prayer for Relief. Defendants deny Plaintiffs' claim for attorneys' fees. However, attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy). For purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of

attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Courts therefore include a potential 25% fee award in the CAFA amount in controversy. *See*, *e.g.*, *Sanchez*, 2015 WL 12765359, at *7. Even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of attorneys' fees would add at least another $2,115,000 to the amount in controversy (25% of $8,460,000), bringing the total amount in controversy to at least $10,575,000.

### IV. THIS COURT ALSO HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER DIVERSITY JURISDICTION

In addition to removal under CAFA, removal is independently proper on the additional basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1332(a)-(a)(1).

Here, complete diversity exists between the parties because Plaintiffs are both California residents, Compl. ¶¶ 5-6, and both Defendants are incorporated or organized under the laws of Delaware and maintain their principal place of business in Seattle, Washington. *See* Declaration of Zane Brown. Golden State's status as an LLC does not affect this analysis, as it is wholly owned by co-Defendant Amazon.

Plaintiffs' Complaint also satisfies the amount-in-controversy requirement, as Plaintiffs specifically allege that the amount in controversy for each of the class representatives exceeds $75,000. Compl. ¶ 1. ("The amount in controversy for the class representatives, including claims for compensatory damages and pro rata share of attorney fees, is more than $75,000.") Thus, pursuant to the terms of Plaintiffs' own complaint, diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 is further established.

## V. VENUE

This action was originally filed in the Superior Court for the County of San Bernardino. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## VI. NOTICE

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VII. CONCLUSION

Based on the foregoing, Defendants requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: January 4, 2018         MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Barbara J. Miller
Barbara J. Miller
Joel M. Purles
P. Bartholomew Quintans
Attorneys for Defendants
AMAZON FULFILLMENT SERVICES, INC.,
and GOLDEN STATE FC LLC