# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON FULFILLMENT SERVICES, INC., a Delaware corporation,
GOLDEN STATE FC LLC, a Delaware corporation, and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRITTANY HAGMAN and ALBERTO GIANINI, individually, and on
behalf of other members of the general public similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 04 2017

BY _____
DANIELA TIRADO, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* San Bernardino District – Civil Division | *(Número del Caso)* |
| 247 West Third Street | CIVDS 1723776 |
| San Bernardino, CA 92415-0210 | BY FAX |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shawn C. Westrick, 11075 Santa Monica Blvd., Ste. 125, Los Angeles, CA 90025 (310) 746-5303

| DATE: November 21, 2017 | DEC 04 2017 | Clerk, by | Daniela Tirado | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Golden State FC LLC, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL] **COPY**

**SUMMONS**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  SHAWN C. WESTRICK (SBN 235313)
   THE WESTRICK LAW FIRM, P.C.
2  11075 Santa Monica Blvd., Ste. 125
   Los Angeles, California 90025
3  Telephone: (310) 746-5303
   Facsimile: (310) 943-3373
4  E-mail: swestrick@westricklawfirm.com

5  Attorneys for Plaintiffs and Class Members

6

7            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                FOR THE COUNTY OF SAN BERNARDINO

9  BRITTANY HAGMAN, and ALBERTO       CASE NO.  CIVDS 1723776
   GIANINI, individually, and on behalf of other
10 members of the general public similarly      CLASS ACTION COMPLAINT
   situated
11                                              (1) Violation of California Labor Code § 226.7
            Plaintiff,                          & § 512 (Failure to Provide Meal Breaks);
12
                                                (2) Violation of California Labor Code § 226.7
13      vs.                                     (Failure to Provide Rest Breaks);

14 AMAZON FULFILLMENT SERVICES,                 (3) Violation of California Labor Code § 223
   INC., a Delaware Corporation, GOLDEN         (Failure to Pay Agreed Upon Wages);
15 STATE FC LLC, a Delaware Corporation, and
   DOES 1 through 100, inclusive,               (4) Violation of California Labor Code § 510
16          Defendants.                         (Failure to Pay Overtime Pay);

17                                              (5) Violation of California Labor Code
                                                § 201-203 (Waiting Time Penalties);
18
                                                (6) Violation of California Labor Code § 226(a)
19                                              (Improper Wage Statements);

20                                              (7) Violation of California Labor Code §§ 246
                                                & 247.5 (Failure to Maintain Accurate Sick
21                                              Time Pay Records);
22
                                                (8) Violation of California Business &
23                                              Professions Code § 17200, et seq.

24                                              Jury Trial Demanded
25
26
27                                                              BY FAX
28
                          CLASS ACTION COMPLAINT
                          HAGMAN V. AMAZON

1    PLAINTIFFS BRITTANY HAGMAN and ALBERTO GIANINI (collectively,

2  "PLAINTIFFS"), individually and on behalf of all other members of the public similarly situated,

3  alleges as follows:

4                          **JURISDICTION AND VENUE**

5       1)      This action is brought as a class action pursuant California Code of Civil

6  Procedure § 382. The monetary damages and restitution sought by PLAINTIFFS exceeds the

7  minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

8  The amount in controversy for the class representatives, including claims for compensatory

9  damages and pro rata share of attorney fees, is more than $75,000.

10      2)      This Court has jurisdiction over this action pursuant to the California Constitution,

11  Article VI, §10, which grants the Superior Court "original jurisdiction in all causes except those

12  given by statute to other courts." The statutes under which this action is brought do not specify

13  any other basis for jurisdiction.

14      3)      This Court has jurisdiction over all DEFENDANTS due to their sufficient

15  minimum contacts in California as well as the fact that they have intentionally availed themselves

16  of the California market so as to render the exercise of jurisdiction over them by the California

17  courts consistent with traditional notions of fair play and substantial justice.

18      4)      Venue is proper in this Court because, upon information and belief, the named

19  DEFENDANTS resides, transacts business, and has offices in this county and the acts and

20  omissions alleged herein took place in this county.

21                              **THE PARTIES**

22      5)      PLAINTIFF BRITTANY HAGMAN is a resident of San Bernardino County in

23  the State of California.

24      6)      PLAINTIFF ALBERTO GIANINI is a resident of San Bernardino County in the

25  State of California.

26      7)      DEFENDANT AMAZON FULFILLMENT SERVICES, INC. (hereinafter,

27  "AMAZON") specializes in fulfilling orders sustained by Amazon.com, Inc.  AMAZON

28

- 1 -

EXHIBIT A
Page 16

1 FULFILLMENT SERVICES, INC. was and is, upon information and belief, a Delaware
2 corporation doing business in California, and at all times hereinafter mentioned, an employer
3 whose employees are engaged throughout this county, the State of California, or the various states
4 of the United States of America.

5      8)     DEFENDANT GOLDEN STATE FC LLC ("GOLDEN STATE" and together with
6 AMAZON, collectively, "DEFENDANTS") is a fulfillment center operating under AMAZON
7 FULFILLMENT SERVICES, INC. GOLDEN STATE was and is, upon information and belief, a
8 Delaware corporation doing business in California, in the United States, and internationally.

9      9)     Throughout the relevant Class Period, DEFENDANT AMAZON and GOLDEN
10 STATE were the joint employer of PLAINTIFFS and the Class Members. DEFENDANT
11 GOLDEN STATE allegedly ran the fulfillment centers while communication with the Proposed
12 Class Members occurred through DEFENDANT AMAZON.

13      10)    Because of the level of control exerted over PLAINTIFFS and the Class Members
14 by DEFENDANTS AMAZON and GOLDEN STATE, PLAINTIFFS and the Class Members
15 were jointly employed by DEFENDANTS.

16      11)    PLAINTIFF is unaware of the true names or capacities of the DEFENDANTS sued
17 herein under the fictitious names DOES 1-100, but prays for leave to amend and serve such
18 fictitiously named DEFENDANTS pursuant to California Code of Civil Procedure § 474 once
19 their names and capacities become known.

20      12)    PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-100 are
21 the partners, agents, owners, shareholders, managers or employees of DEFENDANTS, and were
22 acting on behalf of DEFENDANTS.

23      13)    PLAINTIFF is informed and believes, and thereon alleges, that each and all of the
24 acts and omissions alleged herein was performed by, or is attributable to, DEFENDANTS and
25 DOES 1-100 (collectively "DEFENDANTS"), each acting as the agent for the other, with legal
26 authority to act on the other's behalf. The acts of any and all DEFENDANTS were in accordance
27 with, and represent the official policy of, DEFENDANTS.

28

1       14)    At all times herein mentioned, DEFENDANTS, and each of them, ratified each

2   and every act or omission complained of herein.  At all times herein mentioned, DEFENDANTS,

3   and each of them, aided and abetted the acts and omissions of each and all the other

4   DEFENDANTS in proximately causing the damages herein alleged.

5       15)    PLAINTIFF is informed and believes, and thereon alleges, that each of said

6   DEFENDANTS is in some manner intentionally, negligently or otherwise responsible for the acts,

7   omissions, occurrences and transactions alleged herein.

8   **CLASS ACTION ALLEGATIONS**

9       16)    PLAINTIFFS bring this action on their own behalf, as well as on behalf of each

10  and all other persons similarly situated, and thus seeks class certification under California Code of

11  Civil Procedure § 382.

12      17)    All claims alleged herein arise under California law for which PLAINTIFFS seek

13  relief authorized by California law.

14      18)    The proposed class is comprised of and defined as:

15          All non-exempt or hourly paid employees who have been employed

16          by DEFENDANTS in the State of California in fulfillment centers,

17          within four years prior to the filing of this complaint until resolution

18          of this lawsuit.

19      19)    There is a well-defined community of interest in the litigation and the class is easily

20  ascertainable:

21          a.    Numerosity:  The members of the subclasses are so numerous that joinder

22              of all members would be unfeasible and impractical.  The membership of

23              the entire class is unknown to PLAINTIFFS at this time, however, the class

24              is estimated to be greater than fifty (50) individuals and the identity of such

25              membership is readily ascertainable by inspection of DEFENDANTS'

26              employment records.

27          b.    Typicality:  PLAINTIFFS are qualified to, and will, fairly and adequately

28

- 3 -

CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1             protect the interests of each class member with whom they have a well-

2             defined community of interest, and PLAINTIFFS' claims (or defenses, if

3             any) are typical of all class members' as demonstrated herein.

4      c.     Adequacy: PLAINTIFFS are qualified to, and will, fairly and adequately,

5             protect the interests of each class member with whom they have a well-

6             defined community of interest and typicality of claims, as demonstrated

7             herein. PLAINTIFFS acknowledge that they have an obligation to make

8             known to the Court any relationship, conflicts or differences with any class

9             member. PLAINTIFFS' attorneys and the proposed class counsel are

10           versed in the rules governing class action discovery, certification, and

11           settlement. PLAINTIFFS have incurred, and throughout the duration of this

12           action will continue to incur, costs and attorneys' fees that have been, are,

13           and will be necessarily expended for the prosecution of this action for the

14           substantial benefit of each class member.

15      d.     Superiority: The nature of this action makes the use of class action

16           adjudication superior to other methods. A class action will achieve

17           economies of time, effort and expense as compared to separate lawsuits, and

18           will avoid inconsistent outcomes because the same issues can be

19           adjudicated in the same manner and at the same time for the entire class.

20      e.     Public Policy Considerations: Employers of this state violate employment

21           and labor laws every day. Current employees are often afraid to assert their

22           rights out of fear of direct or indirect retaliation. Former employees are

23           fearful of bringing actions because they believe their former employers may

24           damage their future endeavors through negative references and/or other

25           means. Class actions provide the class members who are not named in the

26           complaint with a type of anonymity that allows for the vindication of their

27           rights while protecting their privacy.

28

20)     There are common questions of law and fact as to the subclasses that predominate over questions affecting only individual members, including but not limited to:

a.   Whether DEFENDANTS' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.   Whether DEFENDANTS deprived PLAINTIFFS and the other class members of full meal periods or required PLAINTIFFS and the class members to work during meal periods without compensation pursuant to California Labor Code § 226.7;

c.   Whether DEFENDANTS deprived PLAINTIFFS and the other class members of rest periods or required PLAINTIFFS and the class members to work during rest periods without compensation pursuant to California Labor Code § 226.7;

d.   Whether DEFENDANTS complied with wage reporting as required by the California Labor Code; including but not limited to § 226;

e.   Whether DEFENDANTS complied with wage reporting and maintained sufficient records regarding sick pay;

f.   Whether DEFENDANTS failure to pay all wages, including those wages due to going through security lines after clocking out, were willful;

g.   Whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and

h.   The appropriate amount of damages, restitution, or monetary penalties resulting from DEFENDANTS' violations of California law.

## GENERAL ALLEGATIONS

21)     At all times set forth, DEFENDANTS employed PLAINTIFF and other persons as non-exempt or hourly paid employees in its fulfillment centers.

22)     DEFENDANTS employed PLAINTIFF BRITTANY HAGMAN from on or about April 2015 through January 21, 2017 at DEFENDANTS' San Bernardino, California business

1  location.

2      23)    DEFENDANTS employed PLAINTIFF ALBERTO GIANINI from on or about

3  October 2014 through August 2016 at DEFENDANTS' San Bernardino, California business

4  location.

5      24)    DEFENDANTS continue to employ non-exempt or hourly paid employees within

6  California.

7      25)    DEFENDANTS controlled the work done and the manner and means in which it

8  was performed by PLAINTIFFS and the other Class Members.

9      26)    DEFENDANTS paid PLAINTIFFS and other class members a specified rate per

10  hour.

11      27)    DEFENDANTS did not compensate PLAINTIFFS and other class members for the

12  time spent in security lines at AMAZON's fulfillment warehouses, for which they were required

13  to clock out prior to waiting in line.

14      28)    DEFENDANTS required PLAINTIFFS and other class members to clock out prior

15  to leaving on a lunch break, subjecting them to waiting time in security lines, without pay and

16  subtracting from their meal break time.

17      29)    DEFENDANTS failed to allow PLAINTIFFS and other non-exempt class members

18  to take full rest breaks due to the large size of the fulfillment centers, leaving them unable to leave

19  their work area and enjoy a full 10 minute uninterrupted rest break.

20      30)    PLAINTIFFS are informed and believe, and thereon allege, that at all times herein

21  mentioned, DEFENDANTS were advised by skilled lawyers and other professionals, employees

22  and advisors knowledgeable about California labor and wage law and employment and personnel

23  practices, and about the requirements of California law.

24      31)    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS

25  knew or should have known that PLAINTIFFS and other class members were entitled to receive

26  all meal breaks or payment of one hour of pay at PLAINTIFFS' and class members' regular rate

27  of pay when a meal break was missed.

28

1    32)    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS

2  knew or should have known that PLAINTIFFS and other class members were entitled to receive

3  all rest breaks or payment of one hour of pay at PLAINTIFFS' and class members' regular rate of

4  pay when a rest break was missed.

5    33)    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS

6  knew or should have known that PLAINTIFFS and other class members were entitled to receive

7  complete and accurate wage statements in accordance with California law.

8    34)    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS

9  knew or should have known that DEFENDANTS were required to maintain accurate records of

10  sick pay leave.

11    35)    PLAINTIFFS are informed and believe, and thereon allege, that at all times herein

12  mentioned, DEFENDANTS knew or should have known that it had a duty to compensate

13  PLAINTIFFS and other members of the class, and that DEFENDANTS had the financial ability to

14  pay such compensation, but willfully, knowingly and intentionally failed to do so.

15    36)    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall

16  limit the right of any wage claimant to "sue directly...for any wages or penalty due him [or her]

17  under this article."

18    37)    Pursuant to California Labor Code section 2699.3, PLAINTIFFS provided written

19  notice to the Labor and Workforce Development Agency; stating the specific alleged violations of

20  the Labor Code and facts that support said allegations as well as informing the Labor and

21  Workforce Development Agency that PLAINTIFFS would seek to recover all civil penalties

22  pursuant to California Labor Code section 2698 *et seq.* Upon conclusion of the statutory mandated

23  requirement, PLAINTIFFS will amend the complaint to add PAGA penalties where appropriate.

24                         **FIRST CAUSE OF ACTION**

25              **Violation of California Labor Code §§ 226.7(a) and 512(a)**

26                         **(On behalf of the Class)**

27    38)    PLAINTIFFS incorporate by reference and re-allege as if fully stated herein

28

1  the material allegations set out in paragraphs 1 through 37.

2       39)     At all times herein set forth, the California IWC Order and California Labor

3  Code §§ 226.7(a) and 512(a) were applicable to PLAINTIFFS and the other class members

4  employed by DEFENDANTS.

5       40)     At all times herein set forth, California Labor Code section 226.7(a)

6  provided that no employer shall require an employee to work during any meal period mandated by

7  an applicable order of the California IWC.

8       41)     At all times herein set forth, California Labor Code section 512(a) provided

9  that an employer may not require, cause or permit an employee to work for a period of more than

10  five (5) hours per day without providing the employee with a meal period of not less than thirty

11  (30) minutes, except that if the total work period per day of the employee is not more than six (6)

12  hours, the meal period may be waived by mutual consent of both the employer and the employee.

13       42)     At all times herein set forth, California Labor Code section 512(a) further

14  provided that an employer may not require, cause or permit an employee to work for a period of

15  more than ten (10) hours per day without providing the employee with a second meal period of not

16  less than thirty (30) minutes, except that if the total of hours worked is no more than twelve (12)

17  hours, the second meal period may be waived by mutual consent of the employer and the

18  employee only if the first meal period was not waived.

19       43)     During the relevant time period, PLAINTIFFS and the other members of

20  the class who were scheduled to work for a period of time no longer than six (6) hours, and who

21  did not waive their legally-mandated meal periods by mutual consent, were required to work for

22  periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

23       44)     During the relevant time period, PLAINTIFFS and the other class members

24  who were scheduled to work for a period of time in excess of six (6) hours were required to work

25  for periods longer than five (5) hours without receiving a meal period of not less than thirty (30)

26  minutes.

27       45)     During the relevant time period, PLAINTIFFS and other members of the

28

- 8 -
CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1    class who were scheduled to work in excess of ten (10) hours but not longer than twelve (12)

2    hours, and who did not waive their legally-mandated meal periods by mutual consent were

3    required to work in excess of ten (10) hours without receiving a second meal period of not less

4    than thirty (30) minutes.

5            46)      During the relevant time period, PLAINTIFFS and the other class members

6    who were scheduled to work for a period of time in excess of twelve (12) hours were required to

7    work for periods longer than ten (10) hours without receiving a meal period of not less than thirty

8    (30) minutes.

9            47)      During the relevant time period, DEFENDANT willfully required

10   PLAINTIFFS and other members of the class to work during meal periods and failed to

11   compensate PLAINTIFFS and members of the class for work performed during meal periods at

12   their regular rate as required by California Labor Code section 226.7(b).

13           48)

14           49)      DEFENDANTS' conduct violates applicable IWC Wage Orders, and

15   California Labor Code sections 226.7(a) and 512(a).

16           50)      Upon completion of the mandated requirements, PLAINTIFFS will amend

17   the complaint to seek PAGA penalties.  Pursuant to California Labor Code section 226.7(b),

18   PLAINTIFFS and other members of the class are entitled to recover from DEFENDANTS all

19   compensation for missed meal breaks that DEFENDANTS failed to pay.

20   **SECOND CAUSE OF ACTION**

21   **Violation of California Labor Code §§ 226.7(a)**

22   **(On behalf of the class)**

23         51)      PLAINTIFFS incorporate by reference and re-allege as if fully stated herein the

24   material allegations set out in paragraphs 1 through 50.

25         52)      At all times herein set forth, the California IWC Order and California Labor Code §

26   226.7(a) was applicable to PLAINTIFFS and other class members employed by DEFENDANTS.

27         53)      At all times herein set forth, California Labor Code § 226.7(a) provided that no

28

CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1    employer shall require an employee to work during any rest period mandated by an applicable

2    order of the California IWC.

3         54)    During the relevant time period, DEFENDANTS required PLAINTIFFS and other

4    members of the class to work in excess of four (4) hours without providing a ten (10) minute rest

5    period.

6         55)    During the relevant time period, DEFENDANTS required PLAINTIFFS and other

7    members of the class to work an additional four (4) hours without providing a second ten (10)

8    minute rest period.

9         56)    During the relevant time period, DEFENDANTS willfully required PLAINTIFFS

10   and other members of the class to work during rest periods and failed to compensate PLAINTIFFS

11   and members of the class for work performed during rest periods.

12        57)    DEFENDANTS' conduct violates applicable IWC Wage Orders, and California

13   Labor Code § 226.7(a).

14        58)    Pursuant to California Labor Code § 226.7(b), PLAINTIFFS and other members of

15   the class are entitled to recover from DEFENDANTS one additional hour of pay at the employee's

16   regular hourly rate of compensation for each work day that the rest period was not provided.

17        59)    Upon completion of the mandated requirements, PLAINTIFFS will amend the

18   complaint to seek PAGA penalties.  Pursuant to California Labor Code § 2698 et seq.,

19   PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor

20   and Workforce Development Agency.

21                              **THIRD CAUSE OF ACTION**

22                       **Violation of California Labor Code § 223**

23                              **(On behalf of the class)**

24        60)    PLAINTIFFS incorporate by reference and re-alleges as if fully stated herein the

25   material allegations set out in paragraphs 1 through 59.

26        61)    California Labor Code § 218 authorizes employees to sue directly for any wages or

27   penalties due to them under the California Labor Code.

28

1     62)    California Labor Code § 223 provides that it is unlawful for an employer to secretly
2  pay a lower wage while purporting to pay the wage designated by contract.

3     63)    During the relevant time period PLAINTIFF and other class members contracted
4  with DEFENDANTS to be paid an hourly wage for all time worked.

5     64)    During the relevant time period, DEFENDANTS willfully failed to pay
6  PLAINTIFF and other class members the contracted for hourly wage for the total number of hours
7  worked, including time spent in security lines.

8     65)    During the relevant time period, DEFENDANTS willfully failed to pay
9  PLAINTIFF and other class members the contracted hourly wage for hours spent including, but
10  not limited to, remaining in security lines while clocked out.

11     66)    DEFENDANTS' willful failure to pay PLAINTIFF and other class members their
12  contractual wages for all hours worked, as required by California laws, violates the provision of
13  the California Labor Code § 223, and is therefore unlawful.

14     67)    Pursuant to California Labor Code § 223, PLAINTIFFS and other class members
15  are entitled to recover their unpaid hourly wages and all other statutory relief available.

16     68)    Upon completion of the mandated requirements, PLAINTIFFS will amend the
17  complaint to seek PAGA penalties.  Pursuant to California Labor Code § 2698 et seq.,
18  PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor
19  and Workforce Development Agency.

20                **FOURTH CAUSE OF ACTION**

21               **Violation of California Labor Code § 510**

22                   **(On behalf of the class)**

23     69)    PLAINTIFFS incorporate by reference and re-alleges as if fully stated herein the
24  material allegations set out in paragraphs 1 through 68.

25     70)    California Labor Code section 1198 and the applicable Industrial Welfare
26  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without
27  compensating them for overtime hours at a rate of pay either time-and-one-half or two-times that

28

- 11 -

1   person's regular rate of pay, depending on the number of hours worked by the person on a daily or
2   weekly basis.

3       71)     Specifically, the applicable IWC Wage Order provides that DEFENDANTS are
4   and were required to pay PLAINTIFFS and class members employed by DEFENDANTS, and
5   working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the
6   rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than
7   forty (40) hours in a workweek.

8       72)     The applicable IWC Wage Order further provides that DEFENDANTS are and
9   were required to pay PLAINTIFFS and class members employed by DEFENDANTS, and
10  working more than twelve (12) hours in a day, overtime compensation at a rate of two times their
11  regular rate of pay.

12      73)     California Labor Code section 510 codifies the right to overtime compensation at
13  one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a
14  day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of
15  work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of
16  twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

17      74)     During the relevant time period, PLAINTIFFS and class members consistently
18  worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in
19  excess of forty (40) hours in a week.

20      75)     During the relevant time period, PLAINTIFFS and other class members spent
21  uncompensated time in security lines at DEFENDANTS' fulfillment centers which if it were
22  compensated may have constituted overtime or double overtime.

23      76)     DEFENDANTS' failure to pay PLAINTIFFS and class members the unpaid
24  balance of overtime compensation, as required by California laws, violates the provisions of
25  California Labor Code sections 510 and 1198, and is therefore unlawful.

26      77)     Pursuant to California Labor Code section 1194, PLAINTIFF and class members
27  are entitled to recover their unpaid overtime compensation, as well as interest, costs and attorneys'

28

1 | fees.

2 |      78)    Upon completion of the mandated requirements, PLAINTIFFS will amend the

3 | complaint to seek PAGA penalties.  Pursuant to California Labor Code § 2698 et seq.,

4 | PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor

5 | and Workforce Development Agency.

6 | **FIFTH CAUSE OF ACTION**

7 | **Violation of California Labor Code §§ 201-203**

8 | **(On behalf of the class)**

9 |      79)    PLAINTIFFS incorporate by reference and re-allege as if fully stated herein the

10 | material allegations set out in paragraphs 1 through 78.

11 |      80)    At all times herein set forth, California Labor Code §§ 201 and 202 provided that if

12 | an employer discharges an employee, the wages earned and unpaid at the time of discharge are

13 | due and payable immediately, and that if an employee voluntarily leaves his or her employment,

14 | his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

15 | unless the employee has given seventy-two (72) hours previous notice of his or her intention to

16 | quit, in which case the employee is entitled to his or her wages at the time of quitting.

17 |      81)    During the relevant time period, DEFENDANTS willfully failed to pay

18 | PLAINTIFFS and the other class members who are no longer employed by DEFENDANTS their

19 | wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their

20 | leaving DEFENDANTS' employ.

21 |      82)    DEFENDANTS' failure to pay PLAINTIFFS and those class members who are no

22 | longer employed by DEFENDANTS their wages earned and unpaid at the time of discharge, or

23 | within seventy-two (72) hours of their leaving DEFENDANTS' employ, is in violation of

24 | California Labor Code §§ 201 and 202.

25 |      83)    California Labor Code § 203 provides that if an employer willfully fails to pay

26 | wages owed, in accordance with Sections 201 and 202, then the wages of the employee shall

27 | continue as a penalty from the due date, and at the same rate until paid or until an action is

28 |

CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1 commenced; but the wages shall not continue for more than thirty (30) days.

2       84)     PLAINTIFFS and other class members are entitled to recover from

3 DEFENDANTS the statutory penalty for each day they were not paid, at their regular hourly rate

4 of pay, up to a thirty (30) day maximum, pursuant to California Labor Code § 203.

5       85)     Upon completion of the mandated requirements, PLAINTIFFS will amend the

6 complaint to seek PAGA penalties.  Pursuant to California Labor Code § 2698 et seq.,

7 PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor

8 and Workforce Development Agency.

9                          **SIXTH CAUSE OF ACTION**

10                    **Violation of California Labor Code § 226(a)**

11                          **(On behalf of the class)**

12      86)     PLAINTIFFS incorporate by reference and re-alleges as if fully stated herein the

13 material allegations set out in paragraphs 1 through 85.

14      87)     DEFENDANTS have intentionally and willfully failed to provide employees with

15 complete and accurate wage statements that include, among other things, the total number of

16 actual hours worked during the pay period.

17      88)     As a result of DEFENDANTS' violation of California Labor Code § 226(a),

18 PLAINTIFFS and the other class members have suffered injury and damage to their statutorily-

19 protected rights.

20      89)     Specifically, PLAINTIFFS and the other class members have been injured by

21 DEFENDANTS' intentional violation of California Labor Code § 226(a) because they were

22 denied both their legal right to receive, and their protected interest in receiving, accurate, itemized

23 wage statements under California Labor Code § 226(a).

24      90)     PLAINTIFFS and the other class members are entitled to recover from

25 DEFENDANTS the greater of their actual damages caused by DEFENDANTS' failure to comply

26 with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars

27 per employee.

28

1        91)    PLAINTIFFS and the other class members are also entitled to an award of costs

2  and reasonable attorneys' fees pursuant to California Labor Code § 226(e).

3        92)    Upon completion of the mandated requirements, PLAINTIFFS will amend the

4  complaint to seek PAGA penalties.   Pursuant to California Labor Code § 2698 et seq.,

5  PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor

6  and Workforce Development Agency.

7  **SEVENTH CAUSE OF ACTION**

8  **Violation of California Labor Code § 246 and 247.5**

9  **(On behalf of the class)**

10        93)    PLAINTIFFS incorporate by reference and re-alleges as if fully stated herein the

11  material allegations set out in paragraphs 1 through 92.

12        94)    California Labor Code § 246 requires that employers provide employees with paid

13  sick days at a rate of not less than one hour per every thirty (30) hours worked.  An employer can

14  satisfy the accrual requirements of this section by providing not less than twenty-four (24) hours

15  of three days of paid sick leave that is available to the employee to use by the completion of his or

16  her 120th calendar day of employment.

17        95)    California Labor Code § 247.5 requires that employers keep for at least three years

18  records documenting the hours worked and paid sick days accrued and used by an employee.

19  Employers must make those records available to an employee in the same manner as required in

20  California Labor Code § 226.  If an employer does not maintain adequate records pursuant to this

21  section, it is presumed that the employee is entitled to the maximum number of hours available

22  unless the employer can show otherwise by clear and convincing evidence.

23        96)    Upon information and belief, PLAINTIFFS allege that DEFENDANTS failed to

24  maintain adequate records as required by California law.

25        97)    Upon completion of the mandated requirements, PLAINTIFFS will amend the

26  complaint to seek PAGA penalties.   Pursuant to California Labor Code § 2698 et seq.,

27  PLAINTIFFS and other class members are entitled to recover all civil penalties owed to the Labor

28

1 | and Workforce Development Agency.

2 | **EIGHTH CAUSE OF ACTION**

3 | **Violation of California Business & Professions Code §§ 17200, et seq.**

4 | **(On behalf of the class)**

5 |      98)    PLAINTIFFS incorporate by reference and re-alleges as if fully stated herein the

6 | material allegations set out in paragraphs 1 through 97.

7 |      99)    DEFENDANTS' conduct, as alleged in this complaint, has been, and continues to

8 | be, unfair, unlawful, and harmful to the PLAINTIFFS, the other members of the class, and the

9 | general public. PLAINTIFFS seeks to enforce important rights affecting the public interest within

10 | the meaning of Code of Civil Procedure section 1021.5.

11 |      100)    DEFENDANTS' activities as alleged herein are violations of California law, and

12 | constitute unlawful business acts and practices in violation of California Business & Professions

13 | Code sections 17200, et seq.

14 |      101)    A violation of California Business & Professions Code sections 17200, et seq. may

15 | be predicated on the violation of any state or federal law. In the instant case, DEFENDANTS'

16 | policy and practice of requiring employees, including PLAINTIFFS and class members, to work

17 | through their meal and rest breaks without paying them proper compensation violates California

18 | Labor Code sections 226.7(a) and 512(a). Moreover, DEFENDANTS' policy and practice of

19 | intentionally failing to pay PLAINTIFFS and the other class members for time spent in security

20 | lines while off the clock is unfair, unlawful, and harmful to PLAINTIFFS, the other class

21 | members, and to the general public.

22 |      102)    PLAINTIFFS and the putative class members have been personally aggrieved by

23 | DEFENDANTS' unlawful business acts and practices alleged herein by the loss of money or

24 | property.

25 |      103)    Pursuant to California Business & Professions Code sections 17200, et seq.,

26 | PLAINTIFFS and the putative class members are entitled to restitution of the wages withheld and

27 | retained by DEFENDANTS during a period that commences four years prior to the filing of this

28 |

1  complaint; a permanent injunction requiring DEFENDANTS to pay all outstanding wages due to

2  class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section

3  1021.5 and other applicable laws; and an award of costs.

4  **REQUEST FOR JURY TRIAL**

5  PLAINTIFFS request a trial by jury.

6  **PRAYER FOR RELIEF**

7  PLAINTIFFS pray for relief and judgment against DEFENDANTS, as follows:

8  Class Certification

9  1.    That this action be certified as a class action;

10  2.    That PLAINTIFFS be appointed as representatives of the class; and

11  3.    That counsel for PLAINTIFFS be appointed as Class Counsel.

12  As to the First Cause of Action

13  4.    For all wages pursuant to California Labor Code section § 226.7(a);

14  5.    For reasonable attorneys' fees and costs of suit incurred herein;

15  6.    Upon completion of the mandated requirements, PLAINTIFFS will amend the

16  complaint to seek PAGA penalties.  For any and all civil penalties owed to the Labor and

17  Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

18  7.    For such other and further relief as the Court may deem appropriate.

19  As to the Second Cause of Action

20  1.    For all wages pursuant to California Labor Code section § 226.7(a);

21  2.    For reasonable attorneys' fees and costs of suit incurred herein;

22  3.    Upon completion of the mandated requirements, PLAINTIFFS will amend the

23  complaint to seek PAGA penalties.  For any and all civil penalties owed to the Labor and

24  Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

25  For such other and further relief as the Court may deem appropriate.

26  As to the Third Cause of Action

27  1.    For all actual, consequential and incidental losses and damages, according to proof;

28

- 17 -

CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1    2.    For statutory penalties pursuant to California Labor Code § 226(a);

2    3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

3    California Labor Code § 226(a);

4    4.    Upon completion of the mandated requirements, PLAINTIFFS will amend the

5    complaint to seek PAGA penalties.  For any and all civil penalties owed to the Labor and

6    Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

7    5.    For such other and further relief as the Court may deem equitable and appropriate.

8                        As to the Third Cause of Action

9    1.    For all actual, consequential, and incidental losses and damages, according to

10   proof;

11   2.    For general unpaid wages pursuant to California Labor Code § 223 and such

12   general and special damages as may be appropriate;

13   3.    For pre-judgment interest on any unpaid wages;

14   4.    For any and all other statutory relief available; and,

15   5.    Upon completion of the mandated requirements, PLAINTIFFS will amend the

16   complaint to seek PAGA penalties.  For any civil penalties owed to the Labor and Workforce

17   Development Agency as pursuant to California Labor Code § 2698 et seq.

18   6.    For such other and further relief as the Court may deem equitable and appropriate.

19                       As to the Fourth Cause of Action

20   1.    For all actual, consequential and incidental losses and damages, according to proof;

21   2.    For wages pursuant to California Labor Code § 510;

22   3.    For reasonable attorneys' fees and costs of suit incurred herein;

23   4.    Upon completion of the mandated requirements, PLAINTIFFS will amend the

24   complaint to seek PAGA penalties.  For any and all civil penalties owed to the Labor and

25   Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

26   5.    For such other and further relief as the Court may deem appropriate.

27                        As to the Fifth Cause of Action

28

- 18 -

1      1.      For all penalties pursuant to California Labor Code § 203;

2      2.      For reasonable attorneys' fees and for costs of suit incurred herein;

3      3.      Upon completion of the mandated requirements, PLAINTIFFS will amend the

4 complaint to seek PAGA penalties. For any and all civil penalties owed to the Labor and

5 Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

6      4.      For such other and further relief as the Court may deem equitable and appropriate.

7 As to the Sixth Cause of Action

8      1.      For all actual, consequential and incidental losses and damages, according to proof;

9      2.      For statutory penalties pursuant to California Labor Code § 226(e);

10      3.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

11 California Labor Code § 226(e);

12      4.      Upon completion of the mandated requirements, PLAINTIFFS will amend the

13 complaint to seek PAGA penalties. For any and all civil penalties owed to the Labor and

14 Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

15      5.      For such other and further relief as the Court may deem equitable and appropriate.

16 As to the Seventh Cause of Action

17      1.      Upon completion of the mandated requirements, PLAINTIFFS will amend the

18 complaint to seek PAGA penalties.  For any and all civil penalties owed to the Labor and

19 Workforce Development Agency as pursuant to California Labor Code § 2698 et seq.; and

20      2.      For such other and further relief as the Court may deem equitable and appropriate.

21 As to the Eighth Cause of Action

22      1.      For restitution of unpaid wages to all class members and prejudgment interest from

23 the day such amounts were due and payable;

24      2.      For the appointment of a receiver to receive, manage and distribute any and all

25 funds disgorged from DEFENDANTS and determined to have been wrongfully acquired by

26 DEFENDANTS as a result of violations of California Business & Professions Code sections

27 17200 et seq.;

28

- 19 -

CLASS ACTION COMPLAINT
HAGMAN V. AMAZON

1        3.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

2 California Code of Civil Procedure section 1021.5;

3        4.      For injunctive relief to ensure compliance with this section, pursuant to California

4 Business & Professions Code sections 17200, et seq.; and

5        5.      For such other and further relief as the Court may deem equitable and appropriate.

6    DATED: November 29, 2017      Respectfully submitted

7                         THE WESTRICK LAW FIRM, P.C.

8

9                         By/s/ Shawn C. Westrick

10                         SHAWN C. WESTRICK
                           Attorneys for Plaintiffs/Class Members

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1723776

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 02/05/18      Time:  8:30      Dept: S26

IN RE: **COMPLEX/CLASSACTION** HAGMAN -V- AMAZON, ET AL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 02/05/18 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
                    Nancy Eberhardt, Interim Court Executive Officer
Date: 12/04/17                              By: DANIELA TIRADO
----------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 12/04/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/04/17 at San Bernardino, CA  By: DANIELA TIRADO

COUNTY OF SAN BERNARDINO SUPERIOR COURT
SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210


**NOTICE**
CASE NO: CIVDS1723776

THE WESTRICK LAW FIRM, PC
11075 SANTA MONICA BLVD.
STE 125
LOS ANGELES CA 90025

TITLE OF CASE: **COMPLEX/CLASSACTION** HAGMAN -V- AMAZON, ET AL

MISSING DOCUMENTS}
CERTIFICATE OF ASSIGNMENT WAS NOT SUBMITTED AT THE TIME OF INITIAL
FILING. PLEASE PROVIDE THE COURT WITH A CERTIFICATE OF ASSIGNMENT.




DATE: 12/04/17    Nancy Eberhardt, Court Executive Officer
                                        BY: DANIELA TIRADO
-------------------------------------------------------------------
-------------------------------------------------------------------

CERTIFICATE OF SERVICE BY MAIL

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address.I am not a party to this action
and on the date and place shown below,I served a copy of the above
listed notice by:
(  ) Enclosed in an envelope mailed to the interested party address
     above, for collection and mailing this date, following ordinary
     business practice.
(  ) Enclosed in a sealed envelope, first class postage prepaid in the
     U.S. mail at the location shown above,mailed to the interested
     party and addressed as shown above, or as shown on the attached
     listing.
(X) WINDOW
Executed on 12/04/17, at San Bernardino, California.

                              By: DANIELA TIRADO
                              _____
                                   Deputy Clerk



# Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

## What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

## Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

## Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

## The Most Common Types of ADR: Mediation and Arbitration

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
Program Director: Lynne Anderson, Executive Director
City Center Building
Inland Fair Housing & Mediation Board
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
909-984-2254 or 800-321-0911
Fax: 909-460-0274
www.inmedbd.com

**

<u>GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM</u>                    12/04/17

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.  It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor.  Judge David Cohn presides in the Complex Litigation Department.  The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

Revised August 10, 2016 - GH

**EXHIBIT A**
**Page 40**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department.  At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department.  At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

2                                                        Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

#### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section 1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference. This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

4                                                      Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

5

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

### MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of documents, are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence. Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege,

7                                                     Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

8
Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

<u>GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM</u>                12/04/17

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.   It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor.  Judge David Cohn presides in the Complex Litigation Department.  The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

### DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:
- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:
- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

1                                                   Revised August 10, 2016 - GH

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26**

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department. At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

Revised August 10, 2016

**EXHIBIT A
Page 50**

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                                          Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court.   Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree.  The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference.  This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements.  Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

Revised August 10, 2016

EXHIBIT A
Page 52

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26**

### THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

5                                                                 Revised August 10, 2016

### GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

### MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of documents, are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence. Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege,

7                                                    Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

### CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

### THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

**EXHIBIT A**
**Page 57**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shawn Westrick, 235313<br>The Westrick Law Firm, P.C.<br>11075 Santa Monica Blvd., Ste. 125<br>Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 756-5303      FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>DEC 0 4 2017<br><br>BY _____<br>DANIELA TIRADO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District – Civil Division

CASE NAME:
HAGMAN v. AMAZON FULFILLMENT SERVICES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>CIVDS 1723776 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 1. LC 226.7, 512; 2. LC 223; 3. LC 510; 4. LC 201-203; 5. LC 226; et al.
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2017

Shawn C. Westrick
_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

**EXHIBIT A
Page 59**