# EXHIBIT B

MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
Joel M. Purles, Bar No. 266208
P. Bartholomew Quintans, Bar No. 308385
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700
barbara.miller@morganlewis.com
joel.purles@morganlewis.com
bart.quintans@morganlewis.com

Attorneys for Defendants
AMAZON FULFILLMENT SERVICES, INC. and
GOLDEN STATE FC LLC

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN - 4 2018

BY_____
JESSICA GALICEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| BRITTANY HAGMAN, and ALBERTO GIANINI, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON FULFILLMENT SERVICES, INC. a Delaware Corporation, GOLDEN STATE FC LLC, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CIVD8 1723776<br><br>**DEFENDANTS GOLDEN STATE FC, LLC AND AMAZON.COM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: December 4, 2017 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 95082060.2   DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 61

Defendants Amazon Fulfillment Services, Inc. (which, effective January 1, 2018 has changed its name to Amazon.com Services, Inc.) and Golden State FC, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations contained in the unverified First Amended Complaint of Plaintiffs Brittany Hagman ("Hagman") and Alberto Gianini ("Gianini") (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally deny each and every material allegation set forth in the Complaint. Defendants specifically deny that they are in any way liable to Plaintiffs or any other current or former employees sought to be represented, or that Plaintiffs have been damaged in any sum or sums.

## DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparations for trial. The defenses stated below are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to modify, amend, or supplement any defense at any time.

Defendants asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

## FIRST DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint, and each claim alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND DEFENSE
### (Statutes of Limitations)

2. The Complaint, and each claim alleged therein, are barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 337, 338, ,339, 340, and 343; California Business and Professions Code § 17208; and California Labor Code § 203.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

## THIRD DEFENSE

### (Overpayment)

3. To the extent Plaintiffs and/or putative class members were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

## FOURTH DEFENSE

### (Accord and Satisfaction, Payment)

4. The claims of Plaintiffs and/or putative class members, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## FIFTH DEFENSE

### (Release)

5. To the extent Plaintiffs and/or putative class members released claims alleged in the Complaint, then each alleged claim alleged in the Complaint is barred by those releases.

## SIXTH DEFENSE

### (Res Judicata/Collateral Estoppel)

6. The claims of Plaintiffs and/or putative class members, or some of them, are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH DEFENSE

### (Good Faith Reliance)

7. The claims of Plaintiffs and/or putative class members, or some of them, are barred to the extent Defendants acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

DB1/ 95082060.2   DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 63

## EIGHTH DEFENSE

### (Alternative Workweek Schedule)

8. The claims of Plaintiffs and/or putative class members, or some of them, are barred because Defendants implemented a bona fide alternative workweek schedule in conformity with the law.

## NINTH DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies/Preconditions)

9. The Complaint, and each claim alleged therein, are barred because Plaintiffs and/or putative class members, or some of them, have failed to adequately and timely exhaust their internal and/or administrative remedies and prerequisites.

## TENTH DEFENSE

### (No Waiting Time Penalties)

10. The Complaint fails to state a claim for waiting time penalties under Labor Code § 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

## ELEVENTH DEFENSE

### (Avoidable Consequences)

11. The Complaint, and each claim alleged therein, are barred, or recovery reduced, because: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs and/or putative class members, or some of them, unreasonably failed to use the preventive and corrective measures that Defendants provided; and (c) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs and/or putative class members, or some of them, allegedly suffered.

## TWELFTH DEFENSE

### (Failure to Mitigate)

12. The Complaint, and each claim alleged therein, are barred, or recovery reduced, because Plaintiffs and/or putative class members, or some of them, failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3
DB1/ 95082060.2   DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 64

## THIRTEENTH DEFENSE

### (Unclean Hands)

13. The Complaint, and each claim alleged therein, are barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

### (Waiver)

14. The Complaint, and each claim alleged therein, are barred in whole or in part by the doctrine of waiver.

## FIFTEENTH DEFENSE

### (Estoppel)

15. The Complaint, and each claim alleged therein, are barred in whole or in part by the doctrine of estoppel.

## SIXTEENTH DEFENSE

### (Consent)

16. The Complaint, and each claim alleged therein, are barred to the extent Plaintiffs and/or putative class members, or some of them, consented to any alleged activity or conduct.

## SEVENTEENTH DEFENSE

### (Laches)

17. The Complaint, and each claim alleged therein, are barred in whole or in part by the doctrine of laches.

## EIGHTEENTH DEFENSE

### (De Minimis)

18. The Complaint, and each claim alleged therein, are barred in whole or in part by the *de minimis* doctrine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

DB1/ 95082060.2    DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 65

## NINETEENTH DEFENSE

### (Adequate Remedy at Law)

19. The claims of Plaintiffs and/or putative class members, or some of them, for injunctive and other equitable relief are barred because they have an adequate and complete remedy at law.

## TWENTIETH DEFENSE

### (Setoff and Recoupment)

20. If any damages have been sustained by Plaintiffs and/or putative class members, or some of them, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiffs and/or putative class members, or some of them, owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-FIRST DEFENSE

### (No Standing for Injunctive Relief)

21. Plaintiffs have no standing to assert claims for injunctive relief from Defendants because they cannot benefit from such relief as former employees.

## TWENTY-SECOND DEFENSE

### (Due Process)

22. The Complaint, including the allegations on behalf of others set forth therein, is barred because the use of a class action, based upon the facts and circumstances of this case, would constitute a denial of Defendants' rights to due process under the United States and California Constitutions. Furthemrore, the prosecution against Defendants of an action in these circumstances under Business and Professions Code Section 17200 would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

DB1/ 95082060.2   DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 66

## TWENTY-THIRD DEFENSE

### (Not the Employer)

23. Plaintiffs' claims on behalf of himself and putative class members fail to state a claim against Defendant Amazon Fulfillment Services, Inc. because it did not employ Plaintiffs and/or other putative class members.

## RESERVATION OF RIGHTS

24. Defendants reserve the right to assert additional defenses as discovery proceeds and they become aware of additional facts and circumstances that provide the basis for additional defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

3. That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendants and against Plaintiffs on all claims contained in the Complaint;

4. That Defendants be awarded their reasonable costs and attorneys' fees incurred by this action pursuant to Labor Code 218.5 and other applicable law; and

5. For such other and further relief as the Court deems just and proper.

Dated: January 4, 2018                                 MORGAN, LEWIS & BOCKIUS LLP

By _____
Barbara J. Miller
Joel M. Purles
Paul Bartholemew Quintas
Attorneys for Defendants
AMAZON FULFILLMENT SERVICES, INC. and GOLDEN STATE FC LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6
DB1/ 95082060.2    DEFENDANTS' ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

EXHIBIT B
Page 67

# PROOF OF SERVICE

*Brittany Hagman and Alberto Gianini v. Amazon Fulfillment Services, Inc., et al.*
San Bernardino Superior Court, Case No. CIVD9 1723776

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.

On January 4, 2018, I served a copy of the within document(s):

**DEFENDANTS GOLDEN STATE FC, LLC AND AMAZON.COM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed **FEDERAL EXPRESS** envelope, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☐ **BY PERSONAL SERVICE:** by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 4, 2018. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is vivian.dohi@morganlewis.com.

☐ **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

*Attorneys for Plaintiffs*

| | |
|---|---|
| Shawn C. Westrick | Telephone: 310.746.5303 |
| THE WESTRICK LAW FIRM, P.C. | Facsimile: 310.943.3373 |
| 11075 Santa Monica Blvd., Ste. 125 | |
| Los Angeles, CA 90025 | |
| Email: swestrick@westricklawfirm.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1  motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

2

3  Executed on January 4, 2018, at Costa Mesa, California.

4  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Vivian F. Dohi

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

PROOF OF SERVICE

EXHIBIT B
Page 69